**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES BARRETT,

Defendant - Appellant.

No. 24-3546

D.C. No.
1:22-cr-00213-JAM-BAM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 20, 2025
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER,
District Judge.[**]

Charles Barrett appeals his jury conviction and sentence for two counts of

aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) and one count of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

abusive sexual contact in violation of 18 U.S.C. § 2244(b). He was sentenced to life imprisonment. We affirm.

1. Barrett's challenges are principally evidentiary. He first contends that the district court abused its discretion in admitting evidence from three different witnesses of uncharged sexual assaults. Specifically, Barrett argues there was a lack of similarity between the prior acts and the charged conduct with respect to the victim, K.G. Subject to the limitations of Federal Rule of Evidence 403, a party may admit evidence of sexual assault under Rule 413 to prove that the defendant has the propensity to commit another sexual assault. *See United States v. Redlightning*, 624 F.3d 1090, 1119-20 (9th Cir. 2010).

The district court carefully considered the applicable factors outlined in our decision in *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001). The record supports the district court's determination that the prior uncharged allegations were sufficiently similar to K.G.'s testimony as to the charged conduct. Because the remaining *LeMay* factors also weigh in favor of admissibility, the district court did not abuse its discretion and appropriately admitted the evidence under Rules 413 and 403.

2. Barrett also contends that the district court abused its discretion in admitting evidence of uncharged witness intimidation and threats, asserting that such evidence was unduly prejudicial. However, Barrett failed to demonstrate that

admission of this evidence was substantially more prejudicial than probative. There was no abuse of discretion under Rule 403.

3. Barrett next argues that because three of his prior convictions were sustained after the instant offense, the district court erred when it assigned criminal history points for them. At sentencing, the district court included in Barrett's criminal history calculation several convictions that occurred after the commission of the charged offenses, but before he was sentenced in this case. Because Barrett was already sentenced for all three prior convictions, all three fall squarely within the meaning of "prior sentence" as defined by the Guidelines. *See* U.S.S.G. § 4A1.2 cmt. n.1 ("A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.").

4. Barrett objects to the district court's imposition of a sentencing enhancement for obstruction of justice, stressing that he merely discussed fabricating evidence. But the fabrication need not have actually occurred for the conduct to constitute a direct or indirect attempt to obstruct justice. *See United States v. Hong*, 938 F.3d 1040, 1052 (9th Cir. 2019); *see also* U.S.S.G. § 3C1.1 cmt. n.4(A).

5. Barrett's final contention is that the evidence was insufficient to support a conviction on count two because he was intoxicated that day, so he lacked capacity

to form the requisite intent to commit the offense. Barrett brought no motion under Federal Rule of Criminal Procedure 29, but even if he had, the evidence was sufficient to convict him of abusive sexual contact. K.G. testified that Barrett engaged in several actions requiring thought and awareness. Ultimately, whether K.G.'s testimony was believable was a question for the jury to determine, and "[i]t is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (quoting *United States v. Dodge*, 538 F.2d 770, 783 (8th Cir. 1976)).

**AFFIRMED.**